Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Mansfield, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Mercantile Adjustment Bureau, LLC and | ) |
| RAzOR Capital II, LLC, | ) |
| | ) |
| | ) |
| Defendants. | |

### NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Richard Mansfield ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Mercantile Adjustment Bureau ("MAB") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. MAB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant RAzOR Capital II, LLC ("RC") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. RC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than MAB.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MAB, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MAB.

13. MAB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. RC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. RC acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. RC is thoroughly enmeshed in the debt collection business, and RC is a significant participant in MAB's debt collection process.

17. In connection with collection of an alleged debt in default, MAB itself and on behalf of RC, sent Plaintiff initial written communication dated June 23, 2011, in which Defendants stated, in relevant part, as follows:

> "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

Complaint - 3

18. Defendant's June 23, 2011 Correspondence failed to convey to Plaintiff that he must dispute the debt, or any portion thereof, in order for Defendant to be obligated to obtain verification of the debt or a copy of any judgment against Plaintiff and mail a copy of such verification or judgment to Plaintiff.

19. Alternatively, the phrase "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof" at the beginning of the validation notice in Defendant's June 23, 2011 letter modifies each subsequent statement in Defendant's validation notice and requires Plaintiff to dispute the validity of the debt, or any portion thereof in order to obtain the name and address of the original creditor. (emphasis added).

20. MAB, itself and on behalf of RC, called Plaintiff's residential telephone on June 30, 2011, and at such time, MAB left a one second silent voicemail message in which MAB failed to disclose the caller's individual identity and further failed to disclose Defendants' true corporate and/or business name.

21. In said message, MAB further failed to notify Plaintiff that the communication was from a debt collector.

22. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692d(6)**
**DEFENDANT MAB**

23. Plaintiff repeats and re-alleges each and every allegation above.

24. MAB violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's true corporate or business name in a telephone call to Plaintiff. *See Langdon v. Credit Management, LP*, 2010 WL 3341860 (N.D.Cal. 2010) (where defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that MAB violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**DEFENDANT MAB**

25. Plaintiff repeats and re-alleges each and every allegation above.

26. MAB violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MAB violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692g(a)**
**DEFENDANT MAB**

27. Plaintiff repeats and re-alleges each and every allegation above.

28. MAB violated 15 U.S.C. § 1692g(a) *et seq.* by failing to notify Plaintiff that he must notify MAB in writing that he disputes the debt, or any portion thereof, in order to obtain verification of the debt or a copy of a judgment against him.

29. In the alternative, MAB violated 15 U.S.C. § 1692g(a) *et seq.* by representing to Plaintiff that Plaintiff would be required to dispute the debt in order to obtain the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MAB violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692d(6)
### DEFENDANT RC

30. Plaintiff repeats and re-alleges each and every allegation above.

31. RC violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's true corporate or business name in a telephone call to Plaintiff. *See Langdon v. Credit Management, LP*, 2010 WL 3341860 (N.D.Cal. 2010) (where defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RC violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(11)
## DEFENDANT RC

32. Plaintiff repeats and re-alleges each and every allegation above.

33. RC violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RC violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)
## DEFENDANT RC

34. Plaintiff repeats and re-alleges each and every allegation above.

35. RC violated 15 U.S.C. § 1692g(a) *et seq.* by failing to notify Plaintiff that he must provide notification in writing that he disputes the debt, or any portion thereof, in order to obtain verification of the debt or a copy of a judgment against him.

36. In the alternative, RC violated 15 U.S.C. § 1692g(a) *et seq.* by representing to Plaintiff that Plaintiff would be required to dispute the debt in order to obtain the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RC violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 28th day of December, 2011

    By: s/ Marshall Meyers
    Marshall Meyers (020584)
    WEISBERG & MEYERS, LLC
    5025 North Central Ave., #602
    Phoenix, AZ 85012
    602 445 9819
    866 565 1327 facsimile
    mmeyers@AttorneysForConsumers.com
    Attorney for Plaintiff